USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________________
DATE FILED: 8/5/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MABEL ESTANISLADA ALVAREZ BENEDICKS AND ROSSEL DONEY REYES MARTINEZ, On Their Own Behalf, As Heirs, And As Legal Representatives of the Estate of ANADITH DANAY REYES ALVAREZ,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

26 Civ. 2966 (AT)

**PRIVACY ACT ORDER AND PROTECTIVE ORDER**

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of the parties, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States of America (the "United States") in the course of discovery proceedings. The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

1. Pursuant to 5 U.S.C. § 552a(b)(12), this Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even

with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

2. As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including, but not limited to, privileged law enforcement information, non-public personally identifying information, medical records and information, employment history, immigration records and information, financial records and information, information concerning minors and information protected from disclosure by the Privacy Act.

3. Information that Plaintiffs or the United States deems Protected Information shall be designated as such in one or more of the following ways:

i. Information set forth in an answer to an interrogatory may be so designated by including the words "Protected Information" in the answer.

ii. Information contained in any document or part thereof may be so designated by marking the phrase "Subject to Protective Order" on the document or record containing Protected Information prior to the production of such document or record.

iii. Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given or, after receiving the transcript of the deposition, by giving written notice within 30 days to counsel for the opposing party of the page and line numbers designated as "Protected Information." Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as Protected Information. The parties may agree to extend this deadline without seeking court approval for such extension.

4. Any party who contests the designation of a document, record, or other information as Protected Information shall provide the producing party written notice of its

challenge. In the event a party challenges another Party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Protected Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Protected Information. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

5. Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

6. Protected Information may be disclosed only to the following Qualified Persons:

i. The United States, attorneys for the United States, and any support staff or other employees of the United States or attorneys of record who are assisting in the defense of this action;

ii. Plaintiffs, attorneys for Plaintiffs, and any support staff or other employees of attorneys of record for Plaintiffs who are assisting in the maintenance of this action;

iii. Witnesses who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, to the extent the witnesses' testimony may relate to Protected Information;

iv. Experts or consultants retained or consulted for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;

v. Court reporters or stenographers engaged to record deposition testimony,

and their employees who are assisting in the preparation of transcripts of such deposition testimony;

vi. Independent litigation support services, including graphics or design services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action;

vii. Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

viii. Court employees and Court staff; and

ix. Such other persons as hereafter may be authorized by the Court upon motion of any party.

7. A copy of this Order shall be delivered to each Qualified Person under sections 6(iii) and 6(iv) to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. Each such person shall execute an acknowledgment in the form of Exhibit 1 attached hereto before disclosure is made, and the provisions of this Order shall be binding upon that person.

8. All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

9. Any deposition questions intended to elicit testimony regarding information designated as Protected Information shall be announced and then conducted only in the presence of persons authorized to review the Protected Information. Any portions of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as the Protected Information.

10. Where a Party seeks to utilize Protected Information in Court filings, it must provide

the designating Party reasonable notice of the Court filing. Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Information and must seek to file the portions containing such Protected Information provisionally under seal in compliance with applicable Court rules and procedures and give the designating party reasonable opportunity to move the Court to maintain such Protected Information under seal permanently. The parties shall follow the Court's procedures with respect to filing under seal.

11. Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

12. Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing party so that the producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

13. If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.

14. Within 30 days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons

shall be returned to the producing parties or destroyed. If the Protected Information is destroyed, the party that has destroyed the Protected Information shall certify in writing to the producing party that the Protected Information in its possession has been destroyed.

15. If a party or the Government inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information. The producing party may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials and, certify in writing to the producing party that such materials have been returned or destroyed.

16. This Order does not constitute any ruling on the question of whether any particular document or category of information is prohibited from disclosure by the Privacy Act or that any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

17. The production of privileged or Protected Information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). In the event that a party asserts that it failed to designate any production materials or other information as privileged or work product materials, or Protected Information, it shall promptly notify all parties to whom such privileged or protected material was produced or disclosed of the producing person's intent

to assert a claim of privilege, work product, or protection over such materials. Upon such notice, if the receiving person intends to challenge the designation of the document(s) as privileged or protected material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. Following notice by the producing person, the receiving person: (i) must not use or disclose the privileged or protected material until the claim is resolved; and (ii) must take reasonable steps to retrieve the privileged or protected material if the party disclosed it before being notified. The burden of persuasion shall be on the Party asserting the claim of privilege or protection to show that the information is privileged or protected. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

18. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

19. Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

20. Nothing in this Order shall prevent the disclosure of Protected Information to government authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings. Nothing contained in this Protective Order shall prevent the United States from producing Protected Information to the extent required by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In the event that the United States determines that Protected Information is required to be produced under FOIA, the United States shall provide the producing party with written notifications at least 14 days prior to the production of such

Protected Information.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "Protected Information," any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have five (5) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "Protected Information" in accordance with this Order.

22. Nothing in this Order shall prevent any disclosure of Protected Information by the party or entity that designated the information as such.

23. The terms of this Order shall survive the termination of this action for purposes of enforcing this Order.

Only Plaintiffs Alvarez Benedicks and Reyes Martinez and Defendant United States of America are subject to this order. This order does not apply to third-party Defendant Loyal Source Government Services LLC, who has not yet appeared in this action.

Furthermore, nothing in this order shall be construed to supersede the rules governing sealed filings, including Rule IV.A of the undersigned's Individual Practices in Civil Cases, this Court's Local Rules, and the Electronic Case Filing Rules and Instructions. The parties shall meet and confer in an effort to minimize any redaction or sealing request prior to submitting such request to the Court.

SO ORDERED.

Dated: August 5, 2026
New York, New York

ANALISA TORRES
United States District Judge

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MABEL ESTANISLADA ALVAREZ BENEDICKS AND ROSSEL DONEY REYES MARTINEZ, On Their Own Behalf, As Heirs, And As Legal Representatives of the Estate of ANADITH DANAY REYES ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 26 Civ. 2966 (AT) |

**ACKNOWLEDGEMENT**

I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the above-captioned case, and I agree to be bound by its terms.

Date: ______________________________

Name (printed): ______________________________

Signature: _____________________________