BLACK MARJIEH & SANFORD LLP

October 7, 2026

**VIA ECF**

Hon. Analisa Torres, District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**PRE-MOTION LETTER**

Re: *Alvarez Benedicks et al. v. United States of America and Loyal Source Government Service, LLC*
Case Docket No. : 1:26-cv-02966-AT (S.D.N.Y.)
BM&S File No. : 399.0412

Dear Judge Torres:

We write on behalf of Defendant Loyal Source Government Services LLC ("Loyal Source") regarding pleading deficiencies in the United States' Answer and Crossclaim ("Crossclaim") that warrant dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or a more definite statement. Separately, and regardless of dismissal, Loyal Source intends to seek transfer of the entire action to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Pursuant to Rule III(B)(ii) of your Individual Practices in Civil Cases, Loyal Source and the United States have already exchanged the first set of pre-motion letters.

## I. Transfer to the Southern District of Texas is Warranted.

Regardless of the sufficiency of the Crossclaim, this entire action should be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). The alleged medical encounters and custodial events occurred at government facilities in Donna and Harlingen, Texas, and the subsequent hospitalization and death occurred in Harlingen, Texas. Crossclaim ¶¶ 10, 14-24. The present record thus places the locus of operative facts in Texas. Moreover, Loyal Source expects that key witnesses, including Loyal Source employees, third-party contractor personnel, government officers and agents, emergency responders, hospital staff members, and records custodians, as well as the relevant medical records, facility documents, and other documentary evidence, are located in the Southern District of Texas. Transfer of the entire action under 28 U.S.C. § 1404(a) is appropriate because all the underlying events occurred in Texas and Loyal Source anticipates many potential witnesses and relevant evidence to be located in Texas. *See*

*Kreinberg v Dow Chem. Co.*, 496 F Supp 2d 329 [SDNY 2007]; *Crutchfield v Country Wide Home Loans*, 02 CIV.9092 VM, 2003 WL 102879 [SDNY Jan. 10, 2003]; *Berman v Informix Corp.*, 30 F Supp 2d 653 [SDNY 1998]; *Herbert Ltd. Partnership v Elec. Arts Inc.*, 325 F Supp 2d 282 [SDNY 2004]; *Everlast World's Boxing Headquarters Corp. v Ringside, Inc.*, 928 F Supp 2d 735 [SDNY 2013].

Transfer is further supported by *Roque et al. v. United States of America*, No. 7:21-cv-4013 (S.D.N.Y.), a close procedural analogue in which our firm also represented Loyal Source. *Roque* began as a Federal Tort Claims Act ("FTCA") action against the United States arising from medical care at government facilities in South Texas, and Loyal Source was later added as a defendant [ECF Nos. 1, 42, 64, 69]. The Government did not oppose Loyal Source's motion to transfer and acknowledged that the "locus of relevant facts and the vast majority of potentially relevant government witnesses are located in the Southern District of Texas" [ECF Nos. 75, 82, 93]. Judge Halpern granted Loyal Source's motion to transfer the entire action to the Southern District of Texas on December 14, 2022 [Doc. No. 103]. Adjudicating the present action in the same district would promote judicial economy and reduce the risk of inconsistent rulings.

## II. The Crossclaim Fails to Identify a Cognizable Legal Theory, Governing Law, or Source of Duty.

Turning to the pleading deficiencies, the Crossclaim is captioned "Contribution," but the allegations and prayer for relief alternatively suggest contribution, indemnity, complete reimbursement, contractual allocation of responsibility, or some combination of those theories. The primary prayer seeks "an amount equivalent to any judgment against, or payment that Plaintiffs receive from, the United States," which suggests this is an action for indemnity. Crossclaim at p. 52. However, the Crossclaim does not identify which theory the Government is pursuing, what body of substantive law supplies the duty allegedly breached, or the legal standard against which Loyal Source's conduct should be measured. If the Government seeks reimbursement based on the federal contract, it should identify the basis for pursuing that relief in this action and address the Contract Dispute Act's ("CDA") requirement that a Government claim relating to a contract be the subject of a written contracting officer's decision. *See* 41 U.S.C. § 7103(a). Until those threshold questions are answered, Loyal Source is without fair notice under Federal Rule of Civil Procedure 8. *See Ashcroft v Iqbal*, 556 US 662, 678-79 [2009]; *Bell Atl. Corp. v Twombly*, 550 US 544, 555 [2007].

## III. The Contribution Claim Fails Under Both New York and Texas Law.

If the claim truly is one for contribution, it fails as pleaded under the law of either jurisdiction most likely to govern. Under New York law, CPLR 1401 permits contribution only among persons subject to liability for the same personal injury, and the Court of Appeals has held that contribution does not lie where the claim is merely a repackaged breach of contract. *See Bd. of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26-29 [1987]. The Crossclaim identifies no independent tort duty owed by Loyal Source; it alleges only that U.S. Customs and Border Protection ("CBP") delegated functions to Loyal Source under the federal contract. Crossclaim ¶ 13. Under Texas law, contribution operates within a proportionate-responsibility framework requiring pleaded facts showing that Loyal Source is independently liable to Plaintiffs for a percentage of the same injury. Tex. Civ. Prac. & Rem. Code Ann. §§ 33.002(a), 33.003(a), 33.015(a)-(b), 33.016(b). The Third-Party Complaint does not identify any particular

Loyal Source provider, any particular negligent act, any applicable professional standard of care, any deviation from that standard, or any causal chain connecting an alleged Loyal Source act to the injury. These are deficiencies in the Government's Crossclaim. Plaintiffs' First Amended Complaint now asserts separate direct negligence and medical-malpractice theories against Loyal Source, which Loyal Source disputes and will address separately.

**IV. The Crossclaim Fails to Plead the Shared Liability Required for Contribution.**

The Crossclaim alleges that if the Court finds any breach of duty, "LSGS, not CBP, was responsible for that breach." Crossclaim ¶ 25. Although Rule 8 permits alternative pleading, the Government has not alleged in the alternative that it and Loyal Source share liability for the same injury. Instead, the Government attributes any breach exclusively to Loyal Source. Contribution, however, is a shared-liability remedy that presupposes potential liability on the part of the party seeking it. *See Consol. Mut. Ins. Co. v Lawrence Di Giovanna & Sons*, 7 Misc 2d 203, 205 [Sup Ct 1957] (dismissing third-party complaint where third-party plaintiff denied liability and alleged injury resulted solely from another's negligence); *Schnabel v Sullivan*, 04-CV-5076 (TCP), 2007 WL 9719284, at *1-2 [EDNY May 24, 2007] (dismissing third-party complaint where the defendants denied any liability for plaintiff's purported injuries); *Shoemake v Fogel, Ltd.*, 826 SW2d 933, 935 [Tex 1992] ("A defendant's claim of contribution is derivative of the plaintiff's right to recover from the joint defendant against whom contribution is sought."). Because the Government has disclaimed all liability rather than alleging shared fault, the Crossclaim fails to state a plausible contribution claim. If the Government intends to plead shared liability in the alternative, it must do so expressly and plead facts supporting that theory.

**V. The FTCA Cannot Supply Loyal Source's Liability, and Rule 14 Does Not Create Substantive Rights.**

The Government cannot use the FTCA as the source of Loyal Source's duty. Congress expressly excluded "any contractor with the United States" from the FTCA's definition of "Federal agency." 28 U.S.C. § 2671. The Supreme Court has repeatedly held that the FTCA does not reach independent contractors. *Logue v United States*, 412 US 521, 527-28 [1973]; U.S. *v Orleans*, 425 US 807, 813-15 [1976]. Federal Rule of Civil Procedure 14, on which the Government also relies, is procedural—it does not create substantive liability, supply a missing duty, or expand subject-matter jurisdiction. *See Tri-Ex Enterprises, Inc. v Morgan Guar. Tr. Co. of New York*, 586 F Supp 930, 932-33 [SDNY 1984]. Any contribution claim against Loyal Source must rest on some independent substantive duty and cause of action under applicable law, and the Crossclaim identifies none.[1]

---

[1] Nothing in this letter should be construed as a waiver of Loyal Source's right to assert any defense or protection available under applicable law, including, but not limited to, protections afforded to healthcare providers under Texas Medical Liability Act ("TMLA") or other applicable statutes or common law.

Respectfully submitted,

**BLACK MARJIEH & SANFORD LLP**

Sheryl A. Sanford, Esq. (SAS 5680)

*Counsel for Defendant*
*Loyal Source Government Services LLC*