SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
1000 LOUISIANA
SUITE 5100
HOUSTON, TEXAS 77002
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100

SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-2683
(206) 516-3880

ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001-8602
(212) 336-8330

ARMANDO LOZANO
DIRECT DIAL (713) 650-4324

E-MAIL alozano@susmangodfrey.com

October 14, 2026

**VIA ECF**

Hon. Analisa Torres, District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Alvarez Benedicks et al. v. United States & Loyal Source Government Service, LLC*, No. 1:26-cv-02966-AT (S.D.N.Y.) – Response to LSGS's Letter (Dkt. 67)

Dear Judge Torres:

We write on behalf of Plaintiffs Mabel Estanislada Alvarez Benedicks and Rossel Doney Reyes Martinez ("Plaintiffs") in response to Loyal Source Government Service's ("LSGS") letter motion, dated October 7, 2026. Dkt. 67. Plaintiffs and LSGS have met and conferred on the relief sought in LSGS's letter motion. As shared with LSGS during this conference and for the reasons stated below, Plaintiffs oppose a motion to dismiss for failure to state a claim.[1]

## I. The Court Should Not Dismiss Plaintiffs' Amended Complaint.

### A. Common Law Negligence and TMLA Claims

Plaintiffs properly plead common law negligence and Texas Medical Liability Act ("TMLA") liability in the alternative because LSGS has not shown it is licensed to provide

[1] This letter does not address LSGS's arguments that the Government's crossclaim against LSGS should be dismissed. This letter also does not address Plaintiffs' opposition to any transfer of this action, which is the subject of a separate letter previously filed by the Plaintiffs. *See* Dkt. 64.

healthcare in Texas, which is a prerequisite to TMLA applicability. Tex. Civ. Prac. & Rem. Code §§ 74.001(a)(12), (13).

*Yamada v. Friend*, 335 S.W.3d 192 (Tex. 2010), cited in LSGS's letter motion (Dkt. 67), does not suggest otherwise. There, the defendant was undisputedly a healthcare provider, and the case accordingly does not address alternative pleading when such status is unknown or disputed at filing. Discovery is needed to assess whether LSGS qualifies as a healthcare provider under the TMLA. Dismissal of the common-law negligence claims should be denied absent such evidence. *See, e.g.*, *Diagnostic Rsch. Grp. v. Vora*, 473 S.W.3d 861, 868 (Tex. App. 2015) (refusing to hold plaintiff's claims are health care liability claims where defendant "failed to show it 'was duly licensed, certified, registered, or chartered by the State of Texas to provide health care'" or that it was "an affiliate of a physician to otherwise meet the statutory definition of health care provider"); *Obstetrical & Gynecological Assocs., P.A. v. Hardin*, 2013 WL 6047595, at *2-*3 (Tex. App. Nov. 14, 2013) (rejecting defendant's efforts to cast plaintiffs' claims as "healthcare claims" and affirming denial of motion to dismiss in light of "no evidence that [defendant] is a healthcare provider"). And where, as here, LSGS is "the party asserting application of the TMLA," it has "the burden to present evidence to establish [the required] licensure or certification." *See Vora*, 473 S.W.3d at 866. LSGS provides no evidence of that here.[2]

**B. LSGS's Direct and Vicarious Liability**

LSGS's respondeat superior arguments mischaracterize the Complaint and are premature. Plaintiffs allege both direct and vicarious liability. Dkt. 51 (Amd. Compl.) at ¶¶ 275-330. Anadith died as a result of, inter alia, negligence by medical personnel who were LSGS "employees," acting per LSGS's government-contract. *See, e.g.*, *id.* at ¶¶ 1, 22, 32, 39-42, 44, 49, 51, 53, 55-59, 67, 80-82, 87, 277, 283, 313, 319, 329. Plaintiffs also plead direct liability based on LSGS's failures to train and supervise staff, adopt or enforce adequate policies, fulfill its contractual duties, and remedy known staffing shortages and other deficiencies. *Id.* at ¶¶ 92, 93-99, 102-07, 114, 118, 133-34. These allegations factually distinguish the two motion-to-dismiss decisions LSGS cites, *Messner* and *Hernandez*, and the *Limestone Products Distrib, Inc*. decision affirming summary judgment. Thus, contrary to LSGS's arguments, the allegations in the Complaint satisfy pleading standards. *See Martinez v. Pfizer Inc.*, 388 F. Supp. 3d. 748, 771 (W.D. Tex. 2019).

The borrowed-servant affirmative defense is also premature. LSGS argues that the Government exerted "control" over LSGS employees. But answering that question requires discovery into such matters as LSGS's contract with the Government, LSGS employees' conduct in practice, and other contested facts, which are often ill-suited for summary judgment, much less a motion to dismiss. *See, e.g.*, *Coco v. Port Of Corpus Christi Auth.*, 132 S.W.3d 689, 694 (Tex. App. 2004) (reversing grant of summary judgment on borrowed servant defense due to disputed issues of control). *Hernandez v. Kanlic*, 583 S.W. 3d. 878, 885-86 (Tex. App. 2019), is inapposite. There, the *plaintiff* invoked the borrowed-employee doctrine but inadequately pleaded that the

[2] Discovery is also warranted to assess the extent to which LSGS's non-healthcare provider conduct contributed to Anadith's death.

surgeon was the hospital's borrowed servant. The *Hernandez* court did not address the doctrine as an affirmative defense or find it established on the pleadings, as LSGS asks the Court to do here.

**C. Necessary Parties**

LSGS employees are not necessary parties under Rule 19(a) of the Federal Rules of Civil Procedure. LSGS's contrary arguments lack merit. First, LSGS misunderstands Tex. Civ. Prac. & Rem. Code Ann. §§ 33.003 and 33.004. Neither provision requires a plaintiff to name every responsible person as a defendant. Quite the opposite, § 33.003 permits the trier of fact to allocate responsibility among defendants, settling persons, and responsible third parties designated by a *defendant* under § 33.004. Put simply, "[r]ather than require formal joinder, § 33.004 provides a mechanism to designate responsible third parties who then may be apportioned fault." *Muniz v. T.K. Stanley, Inc.*, 2007 WL 1100466, at *3 (S.D. Tex. Apr. 11, 2007) (citations omitted).

Second, LSGS's TMLA-related prejudice argument makes even less sense, as LSGS has not yet identified *any* healthcare provider employees, nor could a federal court apply the TMLA's § 74.351 expert report requirement as it "directly collides" with the Federal Rules. *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 297, 299 (5th Cir. 2016). Nor is there any basis to conclude that the employees' absence as parties affects available damages against LSGS. Finally, LSGS is mistaken that the Complaint's source documents reveal relevant LSGS personnel's names.

**D. Intentional Infliction of Emotional Distress ("IIED") Claim**

LSGS's IIED argument misstates the law and facts. As reflected in the very caselaw LSGS cites, Texas law recognizes an independent IIED claim when "the actor intends to cause severe emotional distress or severe emotional distress is the primary risk created by the actor's reckless conduct." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 63 (Tex. 1998). Here, in addition to LSGS's conduct toward Anadith, Plaintiffs have plausibly alleged that LSGS directed outrageous conduct toward her parents—such as "ignoring Anadith's and her mother's multiple pleas for help, especially as her needs escalated to the level of a medical emergency"—causing Mabel and Rossel extreme distress as they watched Anadith deteriorate and die in her mother's arms. Dkt. 51 ¶¶ 64-68, 303-315. Where other pleaded torts do not redress separate outrageous conduct, IIED remains available. *See, e.g.*, *Castro v. Castro*, 2014 WL 3802613, at *8 (Tex. App. July 31, 2014); *Conley v. Driver*, 175 S.W.3d 882, 887-888 (Tex. App. 2005). And even if the IIED claim ultimately may be found to be duplicative in whole or part, as other courts in this District applying Texas law have done, this Court should reject LSGS's gap-filler argument at the motion to dismiss stage as "premature." *Conradt v. NBC Universal, Inc.*, 536 F. Supp. 2d 380, 396 (S.D.N.Y. 2008).

Respectfully submitted,

Armando Lozano

*Counsel for Plaintiffs*