USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MABEL ESTANISLADA ALVAREZ BENEDICKS AND ROSSEL DONEY REYES MARTINEZ, ON THEIR OWN BEHALF, AS HEIRS, AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF ANADITH DANAY REYES ALVAREZ,

Plaintiffs,

-against-

UNITED STATES OF AMERICA; LOYAL SOURCE GOVERNMENT SERVICES, LLC,

Defendants.

26 Civ. 2966 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed Defendant Loyal Source Government Services, LLC's ("Loyal Source") pre-motion letters dated September 22 and October 7, 2026, requesting leave to file a motion to (1) transfer this action to the Southern or Western District of Texas; (2) dismiss Plaintiffs' complaint and the Government's counterclaim; and (3) for a more definite statement. *See* Mot. I, ECF No. 62; Mot. II, ECF No. 67; Mot. III, ECF No. 68. The Court has also reviewed Plaintiffs' responses, *see* Pls. Opp. I, ECF No. 64; Pls. Opp. II, ECF No. 69, and the Government's response, *see* Gov't Opp., ECF No. 70. Loyal Source is granted leave to file a Rule 12(b)(1) and/or 12(b)(6) motion to dismiss Plaintiffs' amended complaint and/or the Government's crossclaim, and to move for a more definite statement under Rule 12(e). For the reasons stated below, Loyal Source's motion to transfer venue is DENIED.[1]

A district court, pursuant to 28 U.S.C. § 1404(a), may transfer an action, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." The burden of obtaining a venue change lies with the party seeking the transfer and generally requires a "clear and convincing showing that the balance of convenience strongly favors the alternate forum." *Xiu Feng Li v. Hock,* 371 Fed. App'x. 171, 175 (2d Cir. 2010) (summary order) (citation omitted). As Loyal Source concedes, "[a] district court has broad discretion when deciding a transfer motion." Mot. I. at 2; *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117

[1] "[W]hen pre-motion letters adequately present the parties' views of a straightforward request, it is . . . appropriate for a district judge to treat the letters themselves as motion papers and to rule on the merits." *See Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, No. 12 Civ. 2827, 2014 WL 6686600, at *3 (S.D.N.Y. Nov. 21, 2014) (collecting cases); *see also In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (summary order) (finding that a district court may "construe[] pre-motion letters as the motions themselves and den[y] the motions" so long as the moving party has "had the opportunity to make the arguments necessary to preserve its . . . motion for appellate review").

(2d Cir. 1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis.") (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

A court reviewing a motion to transfer must engage in a two-part inquiry, first addressing "whether the action could have initially been brought in the transferee court" and second "whether the interests of justice and convenience of the parties and witnesses will be served by the transfer." *Gray v. Walgreens Boots All., Inc.*, No. 20 Civ. 4415, 2021 WL 1087696, at *1 (E.D.N.Y. Feb. 11, 2021) (quoting *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14 Civ. 3826, 2015 WL 5579872, at *5 (E.D.N.Y. Sept. 22, 2015)). The Government "takes no position" on Plaintiff's motion to transfer venue, Gov't Opp. at 1, and Plaintiffs do not argue that their action could not have been brought in the Southern or Western Districts of Texas. *See* Pls. Opp. I; Pls. Opp. II. The Court, therefore, turns to the second part of the analysis: "whether the convenience of the parties and witnesses and the interests of justice favor transfer." *In re Seroquel XR (Extended Release Quetiapine Fumarate) Litig.*, No. 19 Civ. 8296, 2020 WL 5587416, at *3 (S.D.N.Y. Aug. 12, 2020) (citing *P.E.A. Films, Inc.* v. *Metro-Goldwyn-Mayer, Inc.*, No. 14 Civ. 7263, 2014 WL 6769377, at *1 (S.D.N.Y. Nov. 12, 2014)).

The Court, in making its determination, reviews the following nine factors, cognizant that "[t]here is no strict formula for the application of these factors, and no single factor is determinative," *Myers v. Lennar Corp.*, No. 08 Civ. 2799, 2010 WL 1992200, at *3 (E.D.N.Y. May 17, 2010) (collecting cases):

> (1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) (quoting *Dealtime.com v. McNulty,* 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000)).

With respect to the eighth factor, courts in this District agree that a "plaintiff's choice of forum is entitled considerable weight, and should not be disturbed unless the balance of the several factors is strongly in favor of the defendant." *Alpha Indus., Inc. v. Alpha Clothing Co. LLC*, No. 21 Civ. 87, 2021 WL 2688722, at *12 (S.D.N.Y. June 30, 2021) (quoting *City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, No. 10 Civ. 376, 2010 WL 2035130, at *3 (S.D.N.Y. May 21, 2010)). A plaintiff's forum selection deserves even more weight when "the chosen forum is also the plaintiff's home state." *Chanel, Inc. v. Shiver & Duke LLC*, No. 21 Civ. 1277, 2022 WL 3868113, at *4 (S.D.N.Y. Aug. 30, 2022) (citing *Pollux Holding Ltd.* v. *Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003); *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 698 (S.D.N.Y. 2009)). Plaintiffs explain that they live in the District. *See* Pls. Opp I at 2. Therefore, this key factor weighs in favor of denying the transfer.

The Court concludes that convenience of the parties also weighs in favor of Plaintiffs, in large part due to the "relative means of the parties." A transfer is disfavored where it simply

"shifts the inconvenience from one party to the other." *JetBlue Airways Corp. v. Helferich Pat. Licensing, LLC,* 960 F. Supp. 2d 383, 399 (E.D.N.Y. 2013) (citation omitted); *see also Laumann Mfg. Corp v. Castings USA, Inc.,* 913 F.Supp. 712, 721 (E.D.N.Y. 1996) ("The purpose of 1404(a) is not to shift the inconvenience from one party to the other.") (citation omitted). Plaintiffs explain that a transfer "would impose undue hardship on Plaintiffs, who have limited financial means, inflexible work schedules, minimal English proficiency, little air travel experience, and pending immigration cases making domestic travel inadvisable due to detention risk." Opp. I at 2. Loyal Source cannot be heard to say that its hardship in litigating in this District equals or outweighs the considerable burden Plaintiffs have described. The Court also finds that the "trial efficiency" factor weighs in favor of denying transfer of this matter. As Plaintiffs point out, discovery has already begun, and "although the case is still in its early stages, a transfer would if anything delay resolution of this dispute as a new court familiarized itself with the facts of the case." *Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 603 (S.D.N.Y. 2009).

Loyal Source's primary argument is that transfer to the Southern or Western District of Texas is justified because that is where "all the alleged incidents occurred, witnesses reside, and documentation exists." Mot. I at 2. It is undisputed that the incidents occurred in Texas, not the Southern District. *See* Opp. I; Opp. II. This weighs in favor of transfer. That said, the other two factors cited by Loyal Source do not. The fact that some witnesses reside in Texas and "would need to travel to New York" is not compelling. Mot. I at 2. Indeed, as Plaintiffs observe, two of the key witnesses—the Plaintiffs—reside in New York, as do "other significant non-party witnesses, including [Plaintiffs'] treatment providers." Pls. Opp. I at 3. The Court notes that non-party witnesses who are out of state "can utilize videotaped depositions in lieu of live testimony, or arrange for live testimony by video, lessening the[ir] burden," but Plaintiffs, who "would be expected to sit at counsel table and consult in person during the trial," could not engage in trial remotely. *Flores v. United States*, 142 F. Supp. 3d 279, 288 (E.D.N.Y. 2015) (citing *JetBlue Airways*, 960 F. Supp. 2d at 399). In addition, the Court finds the location of relevant documentary evidence does not weigh in favor of transfer. As other courts in this District have observed, "[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents." *See Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) (citation omitted), *aff'd sub nom. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010); *see also Certain Underwriters at Lloyd's Lond. v. Nat'l R.R. Passenger Corp.*, No. 14 Civ. 4717, 2015 WL 1182764, at *4 (E.D.N.Y. Mar. 13, 2015). Loyal Source solely argues that the documentary evidence exists in Texas but does not claim that the evidence could not easily be transported to New York. *See* Mot. I. at 2.

Finally, though not raised by the parties, the court finds that "[t]he [f]orum's [f]amiliarity with the [g]overning [l]aw" should be "accorded little weight on a motion to transfer venue because federal courts are deemed capable of applying the law of other states." *Neil Bros. Ltd v. World Wide Lines, Inc.,* 425 F. Supp. 2d 325, 333 (E.D.N.Y. 2006) (citation omitted); *see also Guardian Life Ins. Co. v. Hernandez,* No. 11 Civ. 2114, 2011 WL 3678134, at *4 (S.D.N.Y. Aug. 22, 2011) ("This is one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." (internal quotation marks and footnote omitted)).

The Court concludes that Loyal Source cannot make a "clear and convincing showing that the balance of convenience strongly favors the alternate forum." *Xiu Feng Li,* 371 Fed. App'x. at 175. Loyal Source can point to a single factor— the locus of operative facts—that weighs in favor of transfer. This is outweighed by the fact that Plaintiffs' have sued in their home state, Plaintiffs face financial and logistical obstacles to litigating in Texas, and discovery has already begun. The Court, therefore, denies transfer of this matter to the Western or Southern Districts of Texas.

The Court concludes that full briefing is required to determine the merits of Loyal Source's motion to dismiss.[2] Accordingly:

1. By **December 10, 2026** Loyal Source shall file its motion to dismiss;

2. By **January 21, 2027** Plaintiffs and the Government shall file their responses;

3. By **February 11, 2027** Loyal Source, if it desires, shall file a single reply brief.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 62.

SO ORDERED.

Dated: October 29, 2026
New York, New York

ANALISA TORRES
United States District Judge

[2] The briefing schedule set by the Court for Loyal Source's motion to dismiss also disposes of Loyal Source's request for an extension to "answer or otherwise respond to the Plaintiff's Amended Complaint (ECF No. 51) and the USA's Crossclaim (ECF No. 57)," Mot. I at 1.